JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GJJM Enterprises LLC

**(b)** County of Residence of First Listed Plaintiff: Atlantic
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen D. Holtzman, Holtzman & McClain PC, 524 Maple Ave. Suite 200, Linwood, NJ 08221, 609-601-0900

## DEFENDANTS
Christopher Porrino, New Jersey Attorney General; New Jersey Division of Alcoholic Beverage Control; Jonathan Orsen

County of Residence of First Listed Defendant: Mercer
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
New Jersey Attorney General's Office, Post Office Box 112, Trenton, NJ 08625

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
The New Jersey ban on BYOB advertising violates the First Amendment and state constitution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Rodriguez
DOCKET NUMBER 1:17-cv-2492

DATE 9/8/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

HOLTZMAN & MCCLAIN, PC
A Professional Corporation
524 Maple Avenue, Suite 200
Linwood, NJ 08221
(609) 601-0900
Stephen D. Holtzman, Esquire (SDH 9921)
Jeffrey S. McClain, Esquire (JSM 0966)
Attorneys for Plaintiff GJJM ENTERPRISES, LLC d/b/a Stiletto

| | |
|---|---|
| GJJM ENTERPRISES, LLC, d/b/a Stiletto,<br>181 S. South Carolina Ave.<br>Atlantic City, NJ 08401,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER PORRINO,<br>New Jersey Attorney General,<br>Richard J. Hughes Justice Complex<br>25 Market Street<br>Post Office Box 112<br>Trenton, NJ 08625,<br><br>NEW JERSEY DIVISION OF<br>ALCOHOLIC BEVERAGE CONTROL,<br>140 East Front Street, 5th Floor,<br>Trenton, NJ 08625,<br><br>  and<br><br>DAVID P. RIBLE,<br>Director of New Jersey Division of<br>Alcoholic Beverage Control,<br>In His Official Capacity Only,<br>140 East Front Street, 5th Floor,<br>Trenton, NJ 08625,<br><br>    Defendants. | **UNITED STATES DISTRICT COURT**<br>**District of New Jersey**<br><br>Case No. _____<br><br>Civil Action<br><br><br>**VERIFIED COMPLAINT FOR**<br>**DECLARATORY, INJUNCTIVE,**<br>**AND MONETARY RELIEF** |

  Now comes Plaintiff GJJM Enterprises, LLC ("GJJM"), by and through counsel, who for its Complaint against Defendants Christopher Porrino, in his official capacity as New Jersey Attorney General; the New Jersey Division of Alcoholic Beverage Control; and David P. Rible,

1

in his official capacity as Director of the New Jersey Division of Alcoholic Beverage Control, states as follows:

## PRELIMINARY STATEMENT

1. This is an action under the Constitution and laws of the United States asserting that N.J.S.A. 2C:33-27(a)(2), a New Jersey statute that prohibits restaurants from advertising that patrons are permitted to bring and consume their own beer and wine on premises, violates the First Amendment. On its face, the statute imposes a content-based restriction on speech, bans truthful, non-misleading advertising about the lawful consumption of "BYOB" beverages at restaurants and cafes, and acts as a prior restraint on constitutionally-protected expression. In this Complaint, GJJM seeks declaratory and injunctive relief prohibiting the enforcement of the statute throughout the State of New Jersey. GJJM also seeks monetary relief to compensate GJJM for the loss of its protected free speech rights.

## JURISDICTION

2. This is a lawsuit authorized by law to redress deprivations, under color of state law, of rights, privileges and immunities secured by the First and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. §§ 2201 and 2202; and by 42 U.S.C. § 1983.

3. Plaintiff also states causes of action under the Constitution and laws of the State of New Jersey. These claims are inherently related to the other claims in this case, over which this Court has original jurisdiction, that they are a part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has supplemental jurisdiction of these claims under 28 U.S.C. § 1367.

4. Venue is appropriate in the District of New Jersey because the acts described in this Complaint have all occurred within the state of New Jersey.

## PARTIES

5. Plaintiff GJJM Enterprises, LLC d/b/a Stiletto owns and operates a nightclub, Stiletto, located at 185 S. South Carolina Ave. in Atlantic City, New Jersey. Stiletto presents live erotic dance performances and other forms of live expressive entertainment geared towards an adult audience. Stiletto is open to the general adult public and serves non-alcoholic liquid refreshments to its patrons, although Stiletto does not maintain an alcoholic beverage license and does not sell alcoholic drinks. Stiletto customers are permitted to bring and consume their own beer and wine on the premises consistent with New Jersey law. GJJM maintains a valid mercantile license for this establishment issued by the City of Atlantic City.

6. Defendant Christopher Porrino is the Attorney General for the State of New Jersey and is sued in his official capacity only. He is vested with the power and duty under New Jersey law to enforce all laws of the state, including those pertaining to alcoholic beverages.

7. Defendant New Jersey Division of Alcoholic Beverage Control is the agency of the State of New Jersey vested with establishing and enforcing policy regarding the manufacture, distribution, and sale of alcoholic beverages.

8. Defendant David P. Rible is the Director of the New Jersey Division of Alcoholic Beverage Control and is sued in his official capacity only. He is responsible under state law for supervising the manufacture, distribution, and sale of alcoholic beverages in accordance with state alcoholic beverage policy.

## STATEMENT OF THE CASE

9. Stiletto is one of Atlantic City's premier nightlife destinations. Located adjacent to the Atlantic City boardwalk, the club features non-alcoholic beverages, upscale live entertainment, and frequently hosts tourists, convention groups, and bachelor parties. Stiletto draws the vast majority of its customer base from Atlantic City resorts and hotels and is open to the general adult public.

10. As a service to its customers, Stiletto permits its clientele to bring their own outside beer and wine to consume on the premises, but does not allow customers to bring in or consume liquor or mixed drinks. Stiletto does, however, sell and serve non-alcoholic liquid refreshments to its customers. Stiletto does not maintain a state-issued license to serve alcoholic beverages.

11. Section 2C:33-27 of the New Jersey Code governs the consumption of alcohol at public places that serve liquid refreshment, but that, like Stiletto, do not have a license to sell alcoholic beverages. Under the statute, patrons may bring their own beer and wine to the restaurant, but may not bring outside liquor. *See* N.J.S.A. 2C:33-27(a)(1). The restaurant may not, however, advertise – either inside or outside the establishment – that patrons are permitted to bring their own alcoholic beverages. *Id.* at (a)(2). In other words, restaurants and other public places serving liquid refreshments are prohibited from notifying customers that their establishments are "BYOB," even though it is fully lawful for patrons to bring and consume their own alcoholic beverages on the premises. *Id.*

12. Violations of the advertising ban are treated as criminal offenses. *See* N.J.S.A. 2C:33-27(c). Individuals who advertise that customers may "BYOB" to their restaurants face prosecution as disorderly persons. *Id.* In addition to the criminal penalties for that offense,

courts may also prohibit individuals who violate the advertising ban from permitting the consumption of "BYOB" beverages at their businesses. *Id.*

13. N.J.S.A. 2C:33-27 constitutes the official policy of the New Jersey Attorney General and the New Jersey Division of Alcoholic Beverage Control with respect to "BYOB" advertising.

14. Stiletto does not presently advertise the opportunity to bring outside beer and wine to its customers for fear of prosecution under N.J.S.A. 2C:33-27(c). As such, Stiletto has censored its expression as a direct result of the advertising ban's chilling effect.

15. Absent the ban, Stiletto would provide truthful, nonmisleading advertising to its customer base by using the term "BYOB" on its website, print advertising materials (including print ads in magazines and newspapers), signage, and customer literature, including menus and price lists. Because it is both lawful and permissible to consume "BYOB" beverages at Stiletto, this information would enable customers to make more informed decisions about their dining and entertainment options.

16. Both on its face and as applied to GJJM, N.J.S.A. 2C:33-27 violates the First Amendment to the United States Constitution and related provisions of the New Jersey Constitution because it prohibits truthful and nonmisleading advertising about a lawful business activity and restricts speech based on its content. The Court should accordingly enjoin the Attorney General, the New Jersey Division of Alcoholic Beverage Control, and its Director from enforcing the "BYOB" advertising ban.

## STATEMENT OF CLAIMS

### COUNT ONE:
### Violation of First Amendment Rights
### Under 42 U.S.C. § 1983

17. Each of the foregoing paragraphs is incorporated by reference as if repeated here.

18. Plaintiff GJJM retains a protected First Amendment right to distribute truthful, nonmisleading commercial speech and advertising about its products, services, and business model. This includes the right to label itself as a "BYOB" establishment and to provide information to customers about the option of bringing their own beer and wine to consume on the premises. GJJM also retains a right to speak out about matters of public concern without facing content-based restrictions on its expression, be it commercial or non-commercial.

19. N.J.S.A. 2C:33-27 imposes a content-based ban on advertising and expression by restaurants that is presumptively unconstitutional and cannot survive strict scrutiny. The government lacks a compelling governmental interest in prohibiting speech about "BYOB" while permitting other commercial speech related to the sale and consumption of alcoholic beverages.

20. By and through the potential enforcement of N.J.S.A. 2C:33-27, the New Jersey Attorney General, the Division of Alcoholic Beverage Control, and its Director have created a chilling effect on GJJM's constitutionally-protected right to free speech and commercial speech.

21. The government maintains no compelling, substantial, or legitimate interest in prohibiting the distribution of truthful, nonmisleading information about the option for GJJM's customers to bring alcohol for on-site consumption.

22. Even if the government did retain such an interest, enforcement of N.J.S.A. 2C:33-27 through criminal prosecution and the imposition of restrictions on alcohol consumption

are not the least restrictive means of accomplishing the government's goals, nor are these enforcement remedies narrowly tailored to the government's interests.

23. GJJM is therefore entitled to a declaration that the "BYOB" advertising ban contained in N.J.S.A. 2C:33-27(a)(2) is unconstitutional, to preliminary and permanent injunctive relief enjoining the government from enforcing N.J.S.A. 2C:33-27(a)(2), and monetary damages in an amount to be determined at trial to compensate GJJM for the loss of its right to present truthful commercial speech to the consenting adult public.

## COUNT TWO:
### Violations of New Jersey Constitution

24. Each of the foregoing paragraphs is incorporated by reference as if repeated here.

25. GJJM pleads each of the foregoing federal constitutional claims in the alternative as state constitutional claims under the New Jersey Constitution. More specifically, GJJM pleads a violation of its right to free expression under Article I, Section 6 of the New Jersey Constitution.

WHEREFORE, Plaintiff GJJM Enterprises, LLC seeks the following relief against Defendants Christopher Porrino, in his official capacity as New Jersey Attorney General; the New Jersey Division of Alcoholic Beverage Control; and David P. Rible, in his official capacity as Director of the New Jersey Division of Alcoholic Beverage Control:

1. A declaration that the "BYOB" advertising ban contained in N.J.S.A. 2C:33-27(a)(2) violates the First Amendment to the United States Constitution and Article I, Section 6 of the New Jersey Constitution;

2. Preliminary and permanent injunctive relief, to be sought by separate motion, enjoining Defendants Christopher Porrino, in his official capacity as New Jersey Attorney General; the New Jersey Division of Alcoholic Beverage Control; and David P. Rible, in his

official capacity as Director of the New Jersey Division of Alcoholic Beverage Control from enforcing the "BYOB" advertising ban contained in N.J.S.A. 2C:33-27;

3. Monetary damages in an amount to be determined at trial to compensate GJJM for the chilling effect N.J.S.A. 2C:33-27 has imposed on its First Amendment rights;

4. An award of Plaintiff's reasonable attorney fees and costs pursuant to 42 U.S.C. 1988; and

5. Any such other relief in law or equity that this Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ Stephen D. Holtzman (SDH 9921)
STEPHEN D. HOLTZMAN, ESQUIRE
Holtzman & McClain, PC
524 Maple Ave., Suite 200
Linwood, NJ 08221
(609) 601-0900
SHoltzman2000@aol.com

JENNIFER M. KINSLEY, ESQUIRE
*Admission *pro hac vice* pending
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
Kinsleylawofffice@gmail.com

DANIEL A. SILVER, ESQUIRE
*Admission *pro hac vice* pending
Silver & Silver
One Liberty Square
New Britain, Connecticut 06050
(860) 225-3518
dan@lawsilver.com

Counsel for Plaintiff GJJM Enterprises, LLC

## VERIFICATION

I, Phillip Griffo, hereby declare as follows:

1. Pursuant to a management agreement between a corporation owned by me and GJJM Enterprises, LLC, the Plaintiff in this lawsuit, I serve as the manager of Stiletto.

2. I have personal knowledge of the facts alleged in the foregoing Complaint and believe, under penalty of perjury, each alleged fact to be true and accurate to the best of my knowledge and belief.

Executed this 7th day of September, 2017.

_____
Phillip Griffo

STATE OF NEW JERSEY      :
COUNTY OF Atlantic       :

Sworn to and subscribed before me in my presence on the 7th day of September, 2017.

_____
Notary Public

STEPHEN D. HOLTZMAN
NEW JERSEY ATTORNEY AT LAW

9